UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COLONIAL MORTGAGE & LOAN CORP.**          **CIVIL ACTION**

**VERSUS**                                  **NUMBER: 09-5447**

**MARSHALL ELLZEY, JR.**                    **SECTION: "B"(5)**

## ORDER AND REASONS

Plaintiff's Motion for Rehearing at Rec.Doc. No. 9, that is opposed at Rec. Doc. No. 12, is hereby DENIED.

**Cause of Action and Facts of Case:**

Colonial Mortgage and Loan Corporation ("Colonial") held a mortgage on Marshall Ellzey's ("Debtor") property at 2327 Spain Street, New Orleans.  On December 10, 2004, Colonial filed a Petition for Executory Process to foreclose on Spain Street. (Exhibit no. 6).  The Foreclosure Suit states that Colonial was owed $12,080.41 plus $1,112.74 for insurance premiums paid and 25% attorney's fees on principal and interest owed. (Rec. Doc. No. 95).

On February 2, 2005, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.  Under Debtor's Chapter 13 Plan, Debtor proposed to pay its loan balance of $15,000 with interest through the Chapter 13 Trustee ("Trustee").  The plan was served on both Colonial and its attorney.  In response, Colonial filed a Proof of Claim with the bankruptcy court for the amount of $9,634.02.  (Rec. Doc. No. 4).  Colonial never sought to amend its

own Proof of Claim or require Debtor to make payments outside the plan payments. The home on Spain Street was subsequently damaged by Hurricane Katrina and was demolished by the City of New Orleans. Colonial received $5,972.92 in insurance proceeds for the Spain Street home from Safeco Insurance. (Rec. Doc. No. 7).

On September 8, 2008, Trustee filed a statement that Debtor completed all plan payments and final disbursements were made by the Trustee. (Bank. Crt. Rec. Doc. No. 69). On September 9, 2008 an order was entered by the Bankruptcy Court discharging Debtor pursuant to the Trustee's statement of completion plan. On December 3, 2008, the Trustee filed a Final Report and Account that Colonial's Proof of Claim for $9,634.02 was paid in full. Colonial did not object to the Final Report and Account and the Bankruptcy Court approved it by Order on January 13, 2009.(Bank. Ct. Rec. Doc. No. 78).

Unbeknownst to Debtor, his counsel, the Trustee and the Bankruptcy Court, Colonial re-instituted a foreclosure action in state court on September 16, 2008. The property was adjudicated on December 18, 2008 where the Spain Street home was sold in a Sheriff's Sale to Colonial.

On January 23, 2009, Debtor filed a Motion in bankruptcy court for contempt, damages for creditor misconduct and sanctions. Debtor believed that after Debtor's discharge, Colonial proceeded with the previously filed Motion for Executory Process in Orleans

Parish, and as a result, Spain Street was sold at a Sheriff's sale. Colonial alleged it was still owed $4,659.41 in pre-petition debt and $6,198.58 in post petition expenses. Colonial admitted that its Proof of Claim was for $9,634.02 but alleged this represented only the amount due at the Petition Date and the additional amounts were owed but not included in Colonial's Proof of Claim. The Bankruptcy Court found in favor of Debtor, holding that a Proof of Claim is prima facie evidence of the validity and amount of the claim and cannot be challenged unless an objection is filed. (Bank. Ct. Rec. Doc. No. 95). Pursuant to this holding, Debtor was dismissed of all costs assessed against Colonial. On September 29, 2010, this Court affirmed the Bankruptcy Court's decision. (Rec. Doc. No. 7). Before the Court, Colonial requests a rehearing arguing the Chapter 13 Plan should dictate the amount owed to Colonial and not the Proof of Claim, based on a recent Supreme Court decision.

**Contentions of Movant:**

Colonial requests a rehearing arguing this Court wrongfully affirmed the amount of money Colonial will receive from Debtor, which equals the amount stated in the Proof of Claim. Colonial argues that the Chapter 13 Plan should dictate the amount of money it will be awarded and not the Proof of Claim. In support of its contention, Colonial cites a recent Supreme Court decision which says that a Chapter 13 Plan is a final judgment and binds both parties. (Rec. Doc. No. 9).

**Contentions of Respondent:**

Debtor has asked the Court to dismiss the Motion for Rehearing based on the proposition that Debtor's Chapter 13 Plan should not dictate what Colonial receives, rather the Proof of Claim filed by Colonial controls the amount owed. In support of this contention, Debtor asserts that Colonial's reliance on a recent Supreme Court is misplaced based on the Bankruptcy Court's finding that the Chapter 13 Plan properly estimated the total claim to Colonial was based on the Debtor's best estimate for insurance proceeds when Colonial would not provide Debtor with an adequate accounting. Additionally, Debtor alleges that once Colonial participated in the filing and never amended their Proof of Claim, Colonial cannot now argue that Debtor, the Chapter 13 Trustee, and the Bankruptcy Court can no longer rely on the Proof of Claim filed. (Rec. Doc. No. 12).

**Law and Analysis:**

A. Standard of Review - Rule 59

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir.2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998); *see also* Rule 59(e). Because Appellent, Colonial

Mortgage and Loan Corporation, filed the instant motion within twenty-eight days of the Court's Order, the motion will be subject to the standards for Rule 59(e).  A Rule 59(e) motion calls into question the correctness of a judgment.  *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002).

"Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Lines v. Fair Ins. Co.*, 2010 WL 4338636, at *1 (E.D. La. October 21, 2010) (citing *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

The Court enjoys considerable discretion in granting or denying such a motion, and an amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment.  *Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 939 (W.D. La 2004).  "The Fifth Circuit has noted that Rule 59(e) 'favors the denial of motions to alter or amend a judgment.'"  *Id.* (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993)).

B.  Analysis

As stated above, Colonial urges the Court to address the recent Supreme Court decision in *United States Air Funds, Inc. V. Espinosa.* (*US States Air Funds, Inc. V. Espinosa,* 130 S.Ct. 1367, (2010)). Colonial contends that the Bankruptcy Court's Chapter 13 Plan is the final judgment and is binding on both parties. Colonial asserts it is entitled to $15,000, contrary to the holding in the Bankruptcy Court which decided that the amount of money Colonial will receive from Debtor equals the Proof of Claim amount ($9,634).

Colonial does not offer new evidence nor point to an existing change in the controlling law since this Court granted a Motion to Dismiss on September 29, 2010. Colonial relies solely on *Espinosa* which is not applicable in this case. In *Espinosa,* the bankruptcy court discharged the debtor based on a second payment plan, introduced by the debtor, which stated the debtor need only pay principal on his loan despite the initial Chapter 13 Plan which required payment for both the principal and interest.  The Supreme Court reversed this decision, holding the Bankruptcy Court erred by discharging the debts listed under the Chapter 13 Plan without finding undue hardship.  Upon receiving notice of the second payment plan the creditor filed a Proof of Claim for the amount listed in the Chapter 13 Plan, which included both the principal and interest.

Colonial attempts to argue that it is entitled to recover under the order confirming the Chapter 13 Plan because it is considered "final" based on the holding in *Espinosa*. However, unlike the creditor in *Espinosa*, Colonial failed to file a Proof of Claim which comported with the amount filed under the Chapter 13 Plan. The Fifth Circuit has held that Chapter 13 Plans on their face give a binding effect to all creditors pursuant to § 1327(a) of the Bankruptcy Code. However, "[P]rovisions of the bankruptcy code cannot be read in isolation but should be interpreted in light of the remainder of the statutory scheme." Section 506(a) provides that the value of a claim must be determined in conjunction with any plan that would affect the creditor's interest. The Fifth Circuit held in *In re Simmons* that a Chapter 13 plan "may not substitute for an objection to a secured creditor's proof of claim." (In re Simmons, 765 F.2d 547, 1985). Therefore, the Proof of Claim provides prima facie evidence of the validity and the amount of the claim. § B.R. 3001. To rebut the proof of claim the *debtor* must file an objection under § B.R. 3007. If no objection is filed, the Proof of Claim is deemed allowed under the Chapter 13 Plan. (Matter of Howard 972 F.2d 639, Ct. App. LA 1992). Therefore, when a mortgage lender files a lesser amount than is included in the Chapter 13 plan the Trustee will adjust the amount to be paid to the creditor to match the Proof of Claim.

This Court noted Colonial is a sophisticated party and

participated in the Chapter 13 proceeding with attorneys present. (Rec. Doc. No. 6).  Colonial failed to review the court record and address changes and may not now avail itself to a rehearing.

Accordingly, the motion for rehearing is denied.


New Orleans, Louisiana, this 25th day of February, 2011.


_____
UNITED STATES DISTRICT JUDGE